Rachel B. Lauesen, Esq.
Crowson Law Group
637 A Street
Anchorage, Alaska 99501
Ph: 907-677-9393
Fax: 907-677-9310
rachel@crowsonlaw.om
Attorneys for Mark Beerman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK BEERMAN, | ) IN ADMIRALTY AND AT LAW |
| | ) |
| Plaintiff, | ) Case No. 3:18-cv- |
| | ) |
| vs. | ) |
| | ) SEAMAN'S COMPLAINT FOR |
| PACIFICA RESOURCES, LLC, | ) DAMAGES DUE TO PERSONAL |
| | ) INJURIES; MAINTAINCE & CURE; |
| Defendant. | ) FOR UNEARNED WAGES; AND |
| | ) PUNITIVE DAMAGES |
| | ) |

COMES NOW Plaintiff Mark Beerman, through counsel, and for his Complaint states and alleges as follows:

**JURISDICTION/PARTIES**

1. Plaintiff brings and maintains this action pursuant to the Jones Act 46 U.S.C. § 30104 and General Maritime Law, 28 U.S.C. § 1333.

2. Plaintiff is, and at all times relevant was, a resident of Mansfield, Texas located in Tarrant County, Texas.

Complaint Page 1 of 8
*Beerman v. Pacifica Resources, LLC*, Case No. 3:18-cv-_____
Case 3:18-cv-00133-SLG Document 1 Filed 06/08/18 Page 1 of 8

3. Plaintiff was at all times relevant employed as a member of the crew of D/V ARGO located in the Bering Sea off the coast of Nome, Alaska. As such, Plaintiff is a seaman and a ward of this court and elects to take advantage of the provisions of 28 U.S.C. § 1916 and Fed. R. Civ. P. 4(c)(3) re: service of process by a United States Marshall or other person appointed by the Court and waiver of prepaying fees, costs, or furnishing security.

4. At all times relevant, Defendant Pacifica Resources, LLC was an Alaska Limited Liability Company licensed to do business in Alaska and is and was doing business in Alaska.

5. At all times relevant Defendant Pacifica Resources was an employer of Plaintiff and/or operator and/or owner of the D/V ARGO, homeported in the State of Alaska.

6. At all times relevant Defendant Pacifica Resources owned and/or operated the M/V RAIDER, a 21' skiff, to transport crewmembers to and from the Nome shore and the D/V ARGO, located in the Bering Sea.

7. At all times relevant, Plaintiff was acting within the scope of his employment with Pacifica Resources and acting within service of the D/V ARGO and/or M/V RAIDER.

8. The vessel is or will be within the district of Alaska during the pendency of this action.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332; 28 U.S.C. § 1333(1); 46 U.S.C. § 30104; 46 U.S.C. § 6101; and 46 U.S.C. § 10902.

Complaint  Page 2 of 8
*Beerman v. Pacifica Resources, LLC*, Case No. 3:18-cv-_____
Case 3:18-cv-00133-SLG   Document 1   Filed 06/08/18   Page 2 of 8

10.     Venue is proper under 28 U.S.C. § 1391.

**COUNT I
CLAIM FOR INJURIES AND DAMAGE
DUE TO NEGLIGENCE**

11.     Plaintiff re-alleges and incorporates paragraphs 1 through 10 herein.

12.     Plaintiff was hired on or about May 15, 2017 by defendant Pacifica Resources, LLC as a crewmember on the vessel D/V ARGO. The purpose of the hire was for plaintiff to serve the vessel in its mission to dive for gold in the Bering Sea off the coast of Nome, Alaska.

13.     Plaintiff was to be compensated by a share of the adjusted gross gold recovered by the vessel for the time Plaintiff is on the vessel. The share was 35%, pro-rated by plaintiff's dive hours. Crewmembers are also eligible for a bonus at the end of the season in the amount of 5% of the gross gold recovery.

14.     On or about June 6, 2017, at about 3:00 p.m., Plaintiff was in the Bering Sea dredging for gold in the course of his employment aboard the D/V ARGO. The conditions were windy and the anchor aboard the D/V ARGO was dragging. The captain determined that the crew needed to head back to shore.

15.     In order to get to shore from the D/V ARGO, the captain and crew, including Plaintiff, had to board the M/V RAIDER, a 21' aluminum or fiberglass skiff utilized to transport the captain and crew to and from the vessel and shore. There was insufficient room in the M/V RAIDER for plaintiff, the other crewmembers, and the captain, so Plaintiff was required to sit on a toolbox and directed to hold onto empty fuel containers.

Complaint                                                                                                                                   Page 3 of 8
*Beerman v. Pacifica Resources, LLC*, Case No. 3:18-cv-_____
Case 3:18-cv-00133-SLG   Document 1   Filed 06/08/18   Page 3 of 8

16. The seas were rough and the M/V RAIDER lacked any restraints or instrument for Plaintiff to hold onto and secure his person on top of the steel toolbox that he was sitting on. A wave struck the M/V RAIDER and Plaintiff went airborne and landed hard the un-cushioned steel toolbox. As a result, the Plaintiff suffered an injury to his cervical and lumbar spines.

17. Upon information and belief, Plaintiff was terminated from employment on June 7, 2017 due to his work-related injuries.

18. Defendant has a duty to provide a safe working environment for Plaintiff, which duty Defendant breached due to negligence.

19. As a direct and proximate cause of the Defendant's negligence in failing to provide Plaintiff with a safe work environment, Plaintiff sustained severe injuries to his back which has required numerous medical and chiropractic care, including, but not limited to, trigger-point injections in his lumbar spine.

20. As a direct and proximate cause of said injuries, Plaintiff has suffered, continues to suffer, and will in the future suffer: lost wages and wage earning capacity; past and future economic loss; past and future medical expenses; past and future pain and suffering; and past and future loss of enjoyment of life, in an amount in excess of $100,000.

## COUNT II
## CLAIM FOR INJURIES AND DAMAGE
## DUE TO UNSEAWORTHINESS

21. Plaintiff re-alleges and incorporates paragraphs 1-20 herein.

Complaint  Page 4 of 8
*Beerman v. Pacifica Resources, LLC*, Case No. 3:18-cv-_____
Case 3:18-cv-00133-SLG   Document 1   Filed 06/08/18   Page 4 of 8

22. The unsafe conditions of the M/V RAIDER that led to Plaintiff's injuries caused the vessel to be unseaworthy. The vessel was unseaworthy in view of the unsafe conditions, including, but not limited to: requiring plaintiff to board a skiff in rough seas in excess of the permissible capacity; improper maintenance and care of the skiff (lack of proper devises such as a seat, rails, restraints, and/or cushioning which was necessary for the safety of those aboard); and requiring plaintiff to be responsible for empty gas cans without any seat or safety devices in rough seas.

23. The Plaintiff's injuries were and are a direct and proximate result of the unseaworthiness of the vessel.

24. Plaintiff is entitled to special and general damages for his injuries that were a direct and proximate result of the vessel's unseaworthiness. These damages include, but are not limited to: lost wages and wage earning capacity; past and future economic loss; past and future medical expenses; past and future pain and suffering; and past and future loss of enjoyment of life, in an amount in excess of $100,000.

## COUNT III
## CLAIM FOR UNEARNED WAGES

25. Plaintiff re-alleges and incorporates paragraphs 1-24 herein.

26. Because Plaintiff became disabled while working as a crewmember in the service of the vessel, Defendant is liable for unearned wages during the period while Plaintiff was not fit for sea duty, extending through the balance of the dredging season for which Plaintiff was employed before he became disabled.

Complaint  Page 5 of 8
*Beerman v. Pacifica Resources, LLC*, Case No. 3:18-cv-_____
Case 3:18-cv-00133-SLG   Document 1   Filed 06/08/18   Page 5 of 8

27. Plaintiff demands an accounting of all wages earned while a crewmember on Defendant's vessel and all unearned wages owing during the period while Plaintiff was not fit for sea duty through the balance of the fishing season for which he was employed when he became disabled and for payment of all amounts due.

28. Defendant's failure to pay Plaintiff unearned wages was willful, callous and arbitrary, such that Defendant should be compelled to pay exemplary and punitive damages for failure to provide payment of the unearned wages.

29. Defendant is also liable for payment of Plaintiff's necessary and reasonable attorney's fees incurred in prosecuting the claim for unearned wages that he is owed.

## COUNT IV
## CLAIM FOR MAINTENANCE AND CURE

30. Plaintiff re-alleges and incorporates paragraphs 1-29 herein.

31. As a direct and proximate result of the injuries Plaintiff suffered while he was in the service of the vessel and during the scope of his employment, Plaintiff required, and may still require, medical care and treatment for which expenses have been and will be incurred, to his economic benefit.

32. Because plaintiff was injured while in the service of the vessel and during the scope of his employment, Defendant was and is required to pay, and is liable for, maintenance and cure during all periods when Plaintiff was not fit to work on sea duty as a member of the vessel crew due to the effects of his injuries and not at maximum cure (which he is not).

Complaint  Page 6 of 8
*Beerman v. Pacifica Resources, LLC*, Case No. 3:18-cv-_____
Case 3:18-cv-00133-SLG   Document 1   Filed 06/08/18   Page 6 of 8

33. Defendant intentionally avoided its duties to provide maintenance and cure under Federal law and, instead, directed Plaintiff to fill out a worker's compensation form and to file a worker's compensation claim under Alaska law which, upon information and belief, said worker's compensation carrier intends to claim a subrogation where it would have no right to do so had Defendant not willfully and intentionally misled Plaintiff as to the source of his available remedies.

34. Defendant has only paid a portion of the benefits allowed under maintenance and cure to Plaintiff's economic damage. Defendant is liable to Plaintiff for all maintenance and cure damages caused by Defendant in an amount as will be established upon the evidence herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment for damages against Defendant as follows:

1. For unearned wages due;

2. For compensatory damages, including all general and special damages (economic and non-economic damages), in an amount in excess of $100,000;

3. For unpaid maintenance and cure;

4. Exemplary or punitive damages for Defendants callous and willful refusal and delays in the payment of maintenance and cure benefits and wages;

5. Prejudgment interest;

6. All allowable attorney's fees;

7. All allowable costs;

Complaint Page 7 of 8
*Beerman v. Pacifica Resources, LLC*, Case No. 3:18-cv-_____
Case 3:18-cv-00133-SLG   Document 1   Filed 06/08/18   Page 7 of 8

8. For trial by jury; and

9. For such other and further relief as this Court deems just and equitable.

## **VERIFICATION**

Rachel B. Lauesen states under penalty of perjury of the law of the United States that she is the attorney for Plaintiff, Mark Beerman, and that based on information supplied by Plaintiff, the above-stated facts are true.

Respectfully submitted this 8th day of June, 2018.

                CROWSON LAW GROUP
                Attorneys for Plaintiff

                By: /s/ Rachel B. Lauesen
                      ABA #0905016

Complaint                                                                                                                                     Page 8 of 8
*Beerman v. Pacifica Resources, LLC*, Case No. 3:18-cv-_____
Case 3:18-cv-00133-SLG   Document 1   Filed 06/08/18   Page 8 of 8